Case 2:23-cv-00190   Document 39   Filed on 07/09/24 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
July 09, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JEWELL THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00190 |
| | § | |
| WARDEN ELBERT HOLMES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jewell Thomas, appearing *pro se*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.  He has paid the $402.00 filing fee.  Plaintiff claims that the defendants in this case violated his Eighth Amendment rights, his rights under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12189, and the Rehabilitation Act, 29 U.S.C. §§ 701-797.

The undersigned, pursuant to the Prison Litigation Reform Act and 28 U.S.C. § 1915A, screened Plaintiff's complaint and issued a memorandum recommending that Plaintiff's claims against 13 defendants be retained.  *See* Doc. No. 16.  The undersigned also issued orders directing the Clerk to issue summonses on those defendants and to deliver those summonses to Plaintiff for service.[1]  *See* Doc. Nos. 17, 22.  Because Plaintiff does not proceed *in forma pauperis*, he is responsible for service of process on the defendants.  *See* Fed. R. Civ. P. 4(c)(3). The Court granted Plaintiff's request to serve at his expense seven of the defendants by certified

---

[1] The defendants ordered to be served were: (1) former Warden Elbert Holmes; (2) former Warden Jerry Sanchez; (3) Warden Adrian Amonett; (4) Warden Candice Flannel; (5) Deputy Warden Placido Samaniego; (6) Sergeant Alexis Jimenez; (7) Sergeant Jessy Perez; (8) Sergeant Adriana Gonzalez-Diaz; (9) Lieutenant Adan Cavazos; (10) Dr. Isaac Kwarteng; (11) TDCJ-CID Director Bobby Lumpkin; (12) TDCJ Executive Director Bryan Collier; and (13) the State of Texas.  (Doc. No. 17, pp. 2-3.)

mail, return receipt requested. *See* Doc. No. 22.[2] After the Court also directed certified mail service on the other six defendants, *see id.*, Plaintiff specifically asked the Court not to serve those other defendants. *See* Doc. No. 23. This meant that Plaintiff remained responsible for serving those six defendants himself. The six remaining defendants are: (1) Deputy Warden Placido Samaniego; (2) Sergeant Alexis Jimenez; (3) Sergeant Jessy Perez; (4) Sergeant Adriana Gonzalez-Diaz; (5) Lieutenant Adan Cavazos; and (6) Warden Candice Flannel.

Plaintiff was required to serve the remaining six defendants not later than June 25, 2024 – 90 days after the Court's order directing the issuance of summonses. *See* Doc. No. 22, p. 2; *see also* Fed. R. Civ. P. 6(a)(1). Plaintiff was warned that failure to provide proof of service within the allotted time would result in dismissal of his claims with regard to any unserved defendants. (Doc. No. 22, p. 3.) To date, Plaintiff has failed to file proof of service on any of the six remaining defendants named above, nor has he requested any extension of the service deadline or offered any explanation for his failure to serve those defendants.

Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant. Alternatively, the court may order that service be made within a specified time. Fed. R. Civ. P. 4(m).

Plaintiff has been specifically warned that his failure to serve the remaining six defendants would result in the dismissal of his claims against those defendants. Despite this, he has failed to provide proof of service on those defendants. The undersigned therefore recommends that Plaintiff's claims against those defendants be dismissed without prejudice.

---

[2] The seven defendants to be served by the Court were: (1) former Warden Holmes; (2) former Warden Sanchez; (3) Warden Amonett; (4) Director Collier; (5) Director Lumpkin; (6) Dr. Kwarteng; and (7) the State of Texas.

This memorandum and recommendation serves as the required notice to Plaintiff that his claims against the unserved defendants may be dismissed.

To recap, the undersigned recommends that the district court dismiss without prejudice Plaintiff's claims against:

- Deputy Warden Placido Samaniego;
- Sergeant Alexis Jimenez;
- Sergeant Jessy Perez;
- Sergeant Adriana Gonzalez-Diaz;
- Lieutenant Adan Cavazos; and
- Warden Candice Flannel.

The Clerk will file this memorandum and recommendation and transmit a copy to each party or counsel.  Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas. A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-

to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

      SIGNED on July 9, 2024.

                                                    MITCHEL NEUROCK
                                                    United States Magistrate Judge