United States District Court
Southern District of Texas
**ENTERED**
August 26, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JEWELL THOMAS, § | |
| § | |
| Plaintiff, § | |
| V. § | CIVIL ACTION NO. 2:23-CV-00190 |
| § | |
| WARDEN ELBERT HOLMES, *et al.*, § | |
| § | |
| Defendants. § | |

### ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Before the Court is Magistrate Judge Mitchel Neurock's Memorandum and Recommendation ("M&R"). (D.E. 16). The parties were provided proper notice of, and the opportunity to object to, the Magistrate Judge's M&R. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); General Order No. 2002-13. No objection has been filed. When no timely objection has been filed, the district court need only determine whether the Magistrate Judge's M&R is clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam); *Powell v. Litton Loan Servicing, L.P.*, No. 4:14-CV-02700, 2015 WL 3823141, at *1 (S.D. Tex. June 18, 2015) (Harmon, J.) (citation omitted).

Having reviewed the proposed findings and conclusions of the Magistrate Judge, the filings of the parties, the record, and the applicable law, and finding that the M&R is not clearly erroneous or contrary to law, the Court **ADOPTS** the M&R in its entirety. (D.E. 16). As such, the Court **RETAINS** the following claims:

- Plaintiff's Eighth Amendment deliberate indifference claim of supervisory liability against Warden Holmes in his individual capacity for putting into place and enforcing policies limiting wellness checks, providing inadequate space for inmates like Plaintiff requesting air-conditioned respite, inadequately staffing a sufficient number of escorts for Plaintiff to

access respite upon request, and placing G5 inmates in an overly restrictive location (3 x 3 foot cage) for respite;

- Plaintiff's Eighth Amendment deliberate indifference claims of supervisory liability against Warden Sanchez in his individual capacity for putting into place or continuing policies limiting wellness checks, providing inadequate space for inmates like Plaintiff requesting air conditioned respite, inadequately staffing a sufficient number of escorts for Plaintiff to access respite upon request; placing G5 inmates in a restrictive location (3 x 3 foot cage) for respite, and denying respite for G5 inmates like Plaintiff altogether from April 2022 through August 2022;

- Plaintiff's Eighth Amendment deliberate indifference claim of supervisory liability against Warden Amonett in his individual capacity for putting into place or continuing policies limiting wellness checks, providing inadequate space for inmates like Plaintiff requesting air-conditioned respite, inadequately staffing a sufficient number of escorts for Plaintiff to access respite upon request, placing inmates in a restrictive location (3 x 3 square foot cage) for respite, and denying G5 inmates like Plaintiff the ability to access respite;

- Plaintiff's Eighth Amendment deliberate indifference claim against Dr. Kwarteng in his individual capacity based on his awareness of Plaintiff's heat-related medical issues from June 2022 through August 2022 and failure to attend to Plaintiff's medical needs; and

- Plaintiff's failure-to-accommodate ADA and RA claims (access to "full respite program including unlimited access to an air-conditioned environment") against the State of Texas and against Warden Holmes, Warden Sanchez, Warden Amonett, Warden Flannel, Warden Samaniego, Dr. Kwarteng, Sergeant Jimenez, Sergeant Perez, Sergeant Gonzalez-Diaz,

Lieutenant Cavazos, Director Lumpkin, and Executive Director Collier in their official capacities for injunctive relief.

The Court further **DISMISSES** the following claims **with prejudice**:

- Plaintiff's Eighth Amendment deliberate indifference claim against Sergeant Jimenez in his individual capacity for his alleged participation in denying or delaying Plaintiff immediate access to respite on July 5 and 13, 2023;

- Plaintiff's Eighth Amendment deliberate indifference claim against Sergeant Perez in his individual capacity for his alleged participation in denying or delaying Plaintiff immediate access to respite on each day between July 14 and 16, 2023.

- Plaintiff's Eighth Amendment deliberate indifference claim against Sergeant Gonzalez-Diaz in her individual capacity for her alleged participation in denying or delaying Plaintiff immediate access to respite on July 2 and 9, 2023.

- Plaintiff's Eighth Amendment deliberate indifference claims of supervisory liability against Sergeant Jimenez, Sergeant Perez, Sergeant Gonzalez-Diaz, Lieutenant Cavazos in their individual capacities regarding whether they put into place an unconstitutional policy regarding access to respite;

- Plaintiff's Eighth Amendment deliberate indifference claim of supervisory liability against Warden Holmes, Warden Sanchez, Warden Amonett, Warden Flannel, and Warden Samaniego in their individual capacities regarding their respective noncompliance with AD-10.64; Plaintiff's Eighth Amendment deliberate indifference claims against Sergeant Jimenez, Sergeant Perez, Sergeant Gonzalez-Diaz, Lieutenant Cavazos, Warden Holmes, Warden Sanchez, Warden Amonett, Warden Flannel, and Warden Samaniego in their individual capacities to the extent they failed to generally ensure access to the "full respite

program" or otherwise denying him escorts; and All of Plaintiff's Eighth Amendment claims against Dr. Morton in his individual capacity and Plaintiff's ADA and RA claims against Dr. Morton in his official capacity.

The Court **DISMISSES** the following claims **without prejudice**:

- Plaintiff's Eighth Amendment claims of supervisory liability against Warden Holmes, Warden Sanchez, Warden Amonett, Warden Flannel, and Warden Samaniego in their individual capacities based on their alleged failure to train or supervise staff.

Finally, Plaintiff is **NOT** granted leave to amend his complaint, **except** with respect to presenting allegations detailing the respective duties and roles of Warden Holmes, Warden Sanchez, Warden Amonett, Warden Flannel, and Warden Samaniego in training and supervising subordinate staff during excessive heat conditions.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
August 26, 2024